IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY LYNN STELL,                              Civil No. 10-90-AA
                                              OPINION AND ORDER
         Plaintiff,

    vs.

INTEL CORPORATION, a Delaware
corporation,

         Defendant.
_____

Frank Wesson
Wesson, Carlson & Swanlund
9115 SW Oleson Road #203
Portland, Oregon 97223
    Attorney for plaintiff

Sarah Ryan
Robert Taylor
Ball Janik LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
    Attorneys for defendant

AIKEN, Chief Judge:

Page 1 - OPINION AND ORDER

Defendant filed motions to dismiss, strike and make more definite and certain.  Defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff alleges a broad employment discrimination action against her former employer, defendant.  Plaintiff's claims include a violation of the Americans with Disabilities Act, breach of contract, equal pay violation, Family Medical Leave Act violations (state and federal), hostile work environment, intentional infliction of emotional distress, and wrongful discharge.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985).  The complaint must allege, however, "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike

from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

Pursuant to Fed. R. Civ. P. 12(e), the court may order a party to provide "a more definite statement of a pleading" where the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."

## DISCUSSION

Defendant first moves to strike or make more certain paragraphs 5-9 in plaintiff's Complaint. Defendant argues that these paragraphs contain information that is "immaterial and impertinent because they are unnecessary and serve no essential purpose." Defendant's Memo in Support, p. 3. That motion is denied.

Defendant next moves to make more definite and certain plaintiff's claim pursuant to the Americans with Disabilities Act ("ADA"). That motion is granted. Plaintiff is ordered to redraft her ADA claim to align with the requirements of 42 U.S.C. § 12102(2).

Defendant moves to dismiss or alternatively make more definite and certain plaintiff's breach of contract claims (claims two and three). Defendant's motion to dismiss is denied, however, defendant's alternative motion to make more definite and certain is granted. Plaintiff should plead the following elements: the existence of a contract, its relevant terms,

Page 3 - OPINION AND ORDER

plaintiff's performance and lack of breach, and defendant's breach resulting in damages to plaintiff. Specifically, plaintiff should plead the facts supporting her belief that she is entitled to exercise unvested stock options five years from now; and how the failure to have a person of her choice present at a meeting supports a material breach of contract.

Defendant moves to dismiss, strike or make more definite and certain plaintiff's fourth claim for relief, equal pay. An employer violates the Equal Pay Act if the "employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.'" Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974)(quoting 29 U.S.C. § 206(d)(1)). Defendant's motions to dismiss and strike are denied, however, defendant's motion to make more definite is granted. Plaintiff should make this claim more definite and certain, specifically by alleging the male comparators she asserts were paid more for equal work.

Defendant moves to strike "immaterial allegations" from plaintiff's fifth claim for relief pursuant to the Family Medical Leave Act and Oregon Family Medical Leave Act. Specifically, defendant moves to strike paragraphs 36-41 as containing "superfluous historical allegations and, at worst, they are simply immaterial and impertinent." Defendant's Memo in Support,

Page 4 - OPINION AND ORDER

p. 14. Defendant's motion to strike is denied.

Defendant also moves to dismiss, strike or make more definite plaintiff's sixth claim for relief, hostile work environment. Defendant's motions to dismiss and strike are denied. Defendant's alternative motion to make more certain is granted. To state a claim based on hostile work environment, plaintiff must allege that the offensive conduct regarding a protected class was sufficiently severe or pervasive that it altered the working conditions and created a hostile environment. <u>Meritor Savings Bank v. Vinson</u>, 477 U.S. 57, 67 (1986). While plaintiff alleges that she is a member of a protected class "because of her age, sex, and disabilities," Complaint, ¶ 56, she fails to allege how or why she was subject to a hostile work environment due to her age, sex or disabilities. Plaintiff should specifically allege the essential elements of a hostile work environment claim pursuant to Or. Rev. Stat. 659A.030; how defendant allegedly treated plaintiff differently due to her asserted protected class; and how the conduct was so pervasive and severe as to amount to a hostile work environment.

Defendant moves to dismiss plaintiff's seventh claim for relief, intentional infliction of emotional distress ("IIED"). Defendant's motion is granted. As a matter of law, plaintiff has failed to allege facts sufficient to support a claim for IIED. Specifically, plaintiff fails to allege that defendant's acts

constituted "some extraordinary transgression of the bounds of socially tolerable conduct." Hall v. The May Dept. Stores, 292 Or. 131, 135, 647 P.2d 126 (1981). Whether the alleged conduct is an "extraordinary transgression" is a matter of law for the court. Harris v. Pameco Corp., 170 Or.App. 164, 171, 12 P.3d 524 (2000). Taken together plaintiff's allegations do not as a matter of law amount to an "extraordinary transgression" by defendant beyond "the bounds of socially tolerable conduct." Hall, 292 Or. at 135. Plaintiff's claim is therefore dismissed.

Defendant next moves to dismiss, strike or alternatively make more definite and certain plaintiff's eighth claim for relief, wrongful discharge. To establish a wrongful discharge claim, plaintiff must prove that she engaged in a protected activity, she was discharged, and that her discharge resulted from her protected activity. Handam v. Wilsonville Holiday Partners, Inc., 225 Or.App. 442, 446-47, 201 P.3d 920 (2009). Defendant's motions to dismiss and strike are denied, however, its motion to make more definite and certain is granted. Plaintiff must allege the elements necessary to state a claim for wrongful discharge including that she engaged in a protected activity and that her discharge resulted from that protected activity.

Finally, defendant moves to strike or make more certain plaintiff's prayer for relief. Defendant's motions are denied.

Page 6 - OPINION AND ORDER

CONCLUSION

Defendant's motions to dismiss, strike and make more definite and certain (doc. 10) are granted in part and denied in part as stated above.  Further, defendant's request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

       Dated this  6   day of July 2010.

                                     /s/ Ann Aiken
                                      Ann Aiken
                         United States District Judge