IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY LYNN STELL,                                Civil No. 10-90-AA
                                                OPINION AND ORDER
        Plaintiff,

    vs.

INTEL CORPORATION, a Delaware
corporation,

        Defendant.

---

Frank Wesson
Wesson, Carlson & Swanlund
9115 SW Oleson Road #203
Portland, Oregon 97223
    Attorney for plaintiff

Sarah Ryan
Robert Taylor
Ball Janik LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
    Attorneys for defendant

AIKEN, Chief Judge:

Page 1 - OPINION AND ORDER

Defendant filed a motion to dismiss against plaintiff's Second Amended Complaint. Defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff's Second Amended Complaint alleges a broad employment discrimination action against her former employer, defendant Intel Corporation. Plaintiff's claims include a violation of the Americans with Disabilities Act, breach of contract, equal pay violation, Family Medical Leave Act violations (state and federal), hostile work environment, and wrongful discharge.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). The complaint must allege, however, "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Defendant first moves to dismiss plaintiff's breach of contract claims (claims two and three). Defendant's motions to dismiss are granted. As a matter of law, plaintiff has failed to allege facts sufficient to support a claim for breach of contract.

In a previous order issued by this court in July 2010, plaintiff was required to allege "the facts supporting her belief that she is entitled to exercise the unvested stock options five years from now." Opinion and Order at 4. Plaintiff has failed to plead the necessary allegations. Instead, plaintiff alleges that defendant, pursuant to a Grant Agreement, gave plaintiff unvested stock options that required her to work five (5) additional years to exercise those options. She further pleads that her termination was through no fault of her own. Regardless, plaintiff was an at-will employee that defendant was free to terminate. Plaintiff does not allege that she had any right to exercise the stock options beyond her termination or that the Grant Agreement changed or modified her at-will employment status. Plaintiff's allegations, therefore, do not support a contractual right to exercise the unvested stock options five years from now. Accordingly, defendant's motion as to count two is granted.

Next, defendant's motion to dismiss count three is granted

because plaintiff failed to plead facts sufficient to show that "her failure to have a person of her choice present at a meeting supports a material breach of contract." Opinion and Order at 4. "A breach is material if it goes to the very substance of the contract and defeats the object of the parties entering into the contract." Biso v. Madenwald, 33 Or. App. 325, 331, 576 P.2d 801, rev. den., 283 Or. 1, 580 P.2d 1030 (1978). Plaintiff's Second Amended Complaint fails to explain how defendant's alleged breach is material. Plaintiff states the Open Door Policy was a long standing policy; that fact, however, fails to establish a material breach. Further, plaintiff was required to plead that defendant's breach resulted in damages, which plaintiff also failed to do. Therefore, defendant's motion to dismiss claim three is granted.

Finally, defendant moves to dismiss plaintiff's seventh claim for wrongful discharge arguing that plaintiff has an adequate remedy under her disability discrimination claim brought pursuant to the Americans with Disability Act ("ADA").

Under Oregon law, the availability of a common law remedy is conditioned upon the absence of an adequate statutory remedy. Price v. Multnomah County, 132 F. Supp. 2d 1290, 1295 n.6 (D. Or. 2001) (citing Delaney v. Taco Time Int'l, Inc., 297 Or. 10, 16, 681 P.2d 114 (1984)). The purpose of the wrongful discharge tort "is not to vindicate the individual interests of the employee by

Page 4 - OPINION AND ORDER

assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests." Draper v. Astoria Sch. Dist. No. 1C, 995 F. Supp. 1122, 1130 (D. Or. 1998), abrogated on other grounds by Rabkin v. Oregon Health Sciences Univ., 350 F.3d 967 (9th Cir. 2003). Thus, a wrongful discharge claim is unavailable if a statutory remedy adequately protects the public interest in question. Id. at 1130-31. An adequate statutory remedy exists if either: (1) the statutory remedy is adequate in comparison to the common law remedy, or (2) the legislature intended that the statute abrogate the common law. Draper, 995 F. Supp. at 1130-31; see also U.S. ex rel. Chartraw v. Cascade Healthcare Comm., Inc., No. CV-05-708-AA, 2009 WL 588664, at *4, n.1 (D. Or. Mar. 5, 2009) (unpublished opinion) (Federal District Courts apply the disjunctive test while the Oregon Court of Appeals requires both elements).

Here, defendant argues that plaintiff's wrongful discharge claim based on violations of the Age Discrimination in Employment Act, ADA, family leave acts, and Equal Pay Act should be dismissed because the ADA provides an adequate remedy.[1]

---

[1] While plaintiff also alleges discrimination based on age, defendant correctly points out that plaintiff previously stated "age discrimination . . . is not an issue in this case." Def.'s Ex. 1, at 4. Regardless, for the purposes of this discussion, the court will address all of the alleged violations made by plaintiff in her complaint.

Page 5 - OPINION AND ORDER

Defendant relies on <u>Underhill v. Willamina Lumber Co.</u>, No. CV-98-630-AS, 1999 WL 421596, at *4 (D. Or. May 20, 1999), for the proposition that even if some of plaintiff's statutory remedies are inadequate, "the existence of one statutory remedy is sufficient to preclude a wrongful discharge claim." In other words, even if there is no adequate statutory remedy for plaintiff's family leave act claims or Equal Pay Act claim, the existence of an adequate remedy through the ADA is sufficient. Defendant's argument, however, is unconvincing. Unlike <u>Underhill</u>, plaintiff here alleges multiple legal theories of liability that arise from related, but distinct facts. Second Amended Complaint at ¶ 73. <u>Underhill</u> applies in cases where the claims are based on the same underlying factual allegations. See <u>Travis v. Knappenberger</u>, No. CV-00-303-HU, 2000 WL 1853084, at *12 (D. Or. Dec. 13, 2000). That is not the case here. Plaintiff's wrongful discharge claim is based on several theories of liability with each claim relying on various and distinct facts. For this reason, granting defendant's motion to dismiss at this juncture is improper. While the ADA may provide a statutory remedy sufficient to preclude any wrongful discharge arising from facts underlying the ADA claim, plaintiff's wrongful discharge claim may rest on distinct facts supporting each of plaintiff's theories of liability. Accordingly, defendant's motion to dismiss as to plaintiff's seventh claim for relief is

denied.

## CONCLUSION

Defendant's motion to dismiss (doc. 23) is granted in part and denied in part as follows: defendant's motion to dismiss is granted as to plaintiff's Second Cause of Action (Breach of Contract - Stock Options) and plaintiff's Third Cause of Action (Breach of Contract - Open Door Policy); the motion is denied as to plaintiff's Seventh Cause of Action (Wrongful Discharge).
IT IS SO ORDERED.

Dated this 12 day of October 2010.

_____
Ann Aiken
United States District Judge